Good morning, Your Honor. Mike Deany on behalf of the appellant Romero. If it may please the Court, I will monitor my time. Relying upon sentencing statutes, the trial court sentenced the appellant to aggravated terms of 21 years each on the four manslaughter accounts he was found guilty of and to aggravated terms of 10 years each of three counts of aggravated assault. Before imposing the sentences, the trial court stated it relied upon the aggravators of physical, emotional, and financial harm to the victims, speed in alcohol, potential lack of remorse or responsibility, and the number of deaths of the victims. A review of the statutory enumerated aggravating factors listed in Arizona statute at the time, 2003, discloses that only one of the factors cited by the trial court is included in the list, that being the physical, emotional, and financial impact on the victims. Although the trial court applies one other statutory aggravator of driving under the influence, as the district court points out in its report and recommendation as adopted, that factor was misapplied in Romero's case as it requires an alcohol concentration of 0.15 or more, and the evidence in the case indicates that the alcohol concentration in the appellant's blood at the time of the collision was 0.5. Your reading from your prepared remark. Yes, of course. First off, it's usually easier to talk to us instead of to read to us. Understood. But I may be able to sort of help move this along. I mean, one of the questions is, is the Arizona Supreme Court's decision in Martinez consistent with Blakely? If it is, and if it is sufficient under Blakely that one aggravating factor be found by the jury, then the other factors can be used to increase the sentence, then the question is, is it harmless error for the judge to have found himself that there was this aggravating factor of the severe impact upon? Those are the questions we've got. First off, is Martinez inconsistent with Blakely under AEDPA? Well, we would argue, Your Honor, that State v. Martinez would not be a complete analysis for purposes of a Blakely finding in this case. In Martinez, there was actually a jury finding of an aggravator which the Court found to be implicit in the verdict of guilt on the first-degree murder count, and used that implicit jury finding for purposes of aggravating the defendant's sentence on lesser offenses. And also, Your Honor, Martinez is not sufficient for purposes of this analysis we would submit based upon State v. Schmidt, which indicates there must be a finding of at least one statutory enumerated aggravator before there can be a finding of further unenumerated aggravators using a preponderance test. And so, again, it appears that the trial court relied improperly upon a number of unenumerated catch-all aggravators in reaching its determination. And as for purposes of the actual enumerated aggravator found in the sentencing statute of emotional, physical, and financial harm to the victims, we would argue that that is contrary to a decision that was made by the jury with respect to the finding of manslaughter as opposed to second-degree murder. Was he convicted? It had to do with a driving while intoxicated, if I remember correctly. Well, Your Honor, the allegations were that he was, in fact, driving, that he was driving at a high rate of speed, and at the time of driving, his blood alcohol content was .139. However, the statutory aggravator that's applicable with regard to alcohol use in this case requires a finding that the alcohol concentration be .15 or above. And in this circumstance, that enumerated aggravator doesn't apply because his blood alcohol content was .139. If I remember correctly, there were four deaths that resulted from the accident. I'm sorry, Your Honor? Four deaths. Four people died in this auto accident. That's correct, Your Honor. There are four — there were originally four counts of second-degree murder. The jury found the lesser included of manslaughter. And then with respect to the assault charges in the case, there were actually three counts of assault. Is it the case — is it the case in the State that each — each death may — may result in a separate sentence? It becomes an aggravating factor? I would indicate, Your Honor, that although the trial court in this case used as a separate aggravator, as I indicated, the number of deaths, I don't believe that that was proper. It's certainly not an enumerated aggravator under the statute. And if anything, it could be used possibly as, you know, one of the aggravators under the catch-all phrase. But again, under State v. Schmitt, which we cited in the State v. Schmitt, in our reply motion, the Court cannot use any of those unenumerated aggravators until it's found the application of at least one of the statutory enumerated aggravators. Certainly the jury was given the evidence and found that there were four deaths that resulted from the accident. Is that correct? Well, yes, Your Honor. But under the standards that were given to the jury and the jury instructions, there's a great difference as between what the jury found and what the defendant found. The defendant was charged with, as I indicated previously, secondary murder as to those four deaths. And the charge to the jury indicated that in order to find the defendant guilty of secondary murder, they would have to find that those murders occurred under circumstances manifesting extreme indifference to human life and that the defendant engaged in conduct which created a grave risk of death. They didn't find that. What they found was that the defendant recklessly caused the death of another person. And there may have been a finding by the jury that although there was speed involved in the case and alcohol involved in the case, there was also an extreme dip in the road. And the testimony at trial was that it was not until the defendant actually came upon that dip in the road that he lost control of his vehicle. He went But, again, for purposes... I thought the jury had before that there were four deaths that resulted from this accident. In their deliberations, they were... In their deliberations, they were aware of four deaths, Your Honor. And in fact, there were four counts of second-degree murder which were charged. And the jury found for the lesser-included offense of manslaughter using the jury instructions that I just indicated to you. Not the judge have made a decision himself that this is an aggravating factor, that is, each of these deaths amounts to an aggravating factor sufficient to justify the increase in the penalty. We would... And I think the sentence was 31 years or 34 years. The sentence ultimately was 31 years, Your Honor. What happened is that for each of the deaths, the judge found the aggravating factors and increased the sentence from the statutory maximum of 10-and-a-half years. I'm sorry. I may be incorrect about that. Increased the sentence from 10-and-a-half years to 21 years as to the manslaughter counts and then as to the specific aggravated assault counts, increased the sentence from 7-and-a-half years up to 10 years. You say this runs afoul of Blakely? Yes. Specifically why? Well, Your Honor, we find, first of all, that the jury, or rather the defendant had a right to a jury determination of at least one aggravating factor. That aggravating factor would have been, you know, at least one of the enumerated aggravators that's listed in statute. The only, the single aggravating factor which has been listed here and considered by the Court was the physical, emotional, and financial harm to the victims. And our argument is essentially that we believe that the judge took into consideration factors which were contrary to a finding which was made by the jury, as outlined in the difference between a finding of second-degree murder and manslaughter. I'm having trouble following some of your argument. To me, this is a very simple case analytically. I agree with you that under Blakely, one of the aggravating factors has to be found by a jury. The judge did not allow the jury to do it. He found it himself. He found that there was significant impact, physical, emotional, and financial, on the victims. And the question to my mind is a very simple one. Was it harmless error for him to have done so? And if the evidence is just overwhelming that there was such impact, to me it's harmless error. End of story. So the question is, is it harmless error? Your Honor, we believe that it's not because, again, we believe that the finding is contrary to that made by the jury in that the judge How is it contrary? Sure. It's contrary to the finding made by the jury because the judge took under consideration during the course of sentencing information that actually complied with a finding of second-degree murder as opposed to a finding of manslaughter. But how does the difference between second-degree murder and manslaughter have anything to do with the financial, emotional, and physical impact upon the victims? The difference between second-degree murder and manslaughter has to do with the mens rea of the defendant. Well, it goes to the conduct of the defendant, Your Honor, and I believe that the judge used the conduct of the defendant in aggravating the sentences, and he was not the only one. I'm not going to go into the details of the case. Members of the community, including members from MADD. I get all of that, but why don't we hear from the other side and then you'll get a chance to rebut. Okay. Thank you. Good morning. May it please the Court, my name is Scott Simon from the Arizona Attorney General's Office. We represent the State in this matter. As an initial matter, I'd like to start by kind of parsing out what we're really talking about here. And to Judge Fletcher's point, this is a very simple case. There are essentially two questions in this case. One is, was the sentence that was imposed in this case blakely compliant? That's a Federal question. The second question is, and this alludes to Petitioner's argument regarding Schmidt, the catch-all, is whether or not the sentence was proper under State law, which is not a cognizable Federal claim under ADEPA. So really the only question that this Court must deal with is, was there a single aggravating factor that a jury could fail to find beyond a reasonable doubt in this case? And the State's position is no. Is that your harmless error argument? That really is the crux of this case, is whether or not the blakely compliant aggravating factor was harmless. Is that a concession that there was a blakely error? You could make the argument, and this Court is not bound by our concession, in reviewing our briefing, came up with another plausible argument that there in fact was no blakely error in this case in the fact that the defendant was convicted of both manslaughter and aggravated assault, and one of the aggravating factors in the case was physical harm. And you could make a plausible argument that physical harm is an implicit finding by the jury in both manslaughter and aggravated assault. But the implicit finding is part of the State law argument, right? Not the Federal law argument. It would be under Federal as well because blakely and its progeny stand for the proposition that one of the blakely compliant aggravating factors can be a finding that's implicit within the jury's verdict based on the evidence that was presented during the aggravation hearing. And so whether or not the jury's verdicts meet that standard, I think it doesn't really matter because of the overwhelming evidence that was presented during the aggravation hearing that established all four aggravating factors. It is true that the sentence was above and beyond the offense that the jury convicted him on. That's correct, Your Honor. They're saying, yeah, that's right, but it was harmless. That's correct, Your Honor. The presumptive in this case for manslaughter. Your position is that harmless error is sufficient legally to get you past a blakely error? Correct. I'm trying to find my case law. I apologize, Your Honor. But it is well established that a blakely error can be harmless if it can be proven by a reasonable doubt, and at least the standard is the Court can only grant relief if there's grave doubt whether or not a jury would have found the relevant aggravating factor beyond a reasonable doubt. And here, as a district court found, not only is there no grave doubt, there's no doubt whatsoever that a jury would have found not one, but all four aggravating factors that were presented to the trial judge. And I think it's an important note to make just for the trial judge. This case was decided and sentenced prior to blakely, so it wasn't the trial judge just disregarding blakely. It simply just hadn't been decided yet. But I think if we look at the sentencing transcripts and the testimony that was given in that sentencing hearing, there simply is no doubt that a jury would have found not one, but every single aggravating factor. And therefore, any conceivable blakely error in this case was harmless. And then under Arizona law, because there was one aggravating factor, it opened up the aggravated range of sentence. And in regards to this Court's – You don't think this might encourage judges to sidestep giving certain issues to the jury and then find them, as a matter of fact, later? I wouldn't think – I mean, isn't the better rule to say, look, if this happened, let the jury decide and then – Absolutely. And I think that's the procedure, standard procedure in Arizona trial courts now is you have a jury finding of guilt or innocence, and then there's a determination of aggravating factors. So is it the case that in Arizona now you would have to present the four debts to the jury? They have to decide it? Yes. And then you impose a sentence? Yes. They would present during an aggravating – unless there was some sort of aggravating factor that was implicit within the jury's verdict or, say, for prior convictions, which are blakely exempt. Is that by statute or is that because of adherence to some Supreme Court statute? It would probably be the adherence to Blakely, Apprendi, Booker line of cases that say, you know, the presumptive – the maximum sentence for purposes of a guilty verdict absent an aggravating factor found by the jury is the presumptive sentence. And to get beyond that presumptive sentence, you have to have one blakely compliant aggravating factor, which will then open up the range from a mitigated sentence to an aggravated sentence. So this sort of problem would not occur in Arizona now? I think that it would be much more rare. It's not outside the realm of possibility that the trial court – it's not impossible, but it's not a regular occurrence. I think this is a pretty – in fact, it was surprising to have a blakely case at this point, but in looking at the facts of the case and the fact that this was decided, it made more sense. But I think that to kind of pivot into why Arizona courts adhere to this is pointing to State v. Martinez, which stands for the proposition of what I just explained, which was in order to impose an aggravated sentence, there must be at least one reasonable doubt to open up that same range to an aggravated sentence. And in conclusion, I'd like to finish with a proposition in response to the defendant's argument that Martinez is inconsistent with Supreme Court precedent. It's the Supreme Court has consistently authorized judicial reliance upon facts not proven to a jury to determine a sentence within a sentencing range supported by one blakely-compliant aggravating factor. And that's essentially what we have here. Although the aggravating factor was not, in fact, found by the jury, this Court can engage in a harmless error analysis and conclude that not only one aggravating factor in this case, but all four were harmless beyond a reasonable doubt. Unless the Court has any further questions? Thank you. Thank you. One minute on the clock, please. Thank you. With regard to the harmless error analysis, Your Honor, we would make the point that, as we had in our reply brief, that we believe that a jury could have made a determination different from that of the judge in the case. And what the Respondent is doing, we believe, is melding together each of the aggravating factors, which he says would be easy for the jury to find. But as we've pointed out, in just one of those factors, that being the alcohol, that's simply not applicable in this case. As far as the speed goes, we would submit to the Court that any misconduct above that which was beyond necessary to find a right. Why are you talking about that? The question is whether or not the factor of physical, emotional, and financial harm to the victim, or if the victim is dead, emotional and financial harm to the family, whether that factor was improperly found by the judge. And if improperly found, is it harmless error? So I'm talking about harm to the victim and the immediate family. Okay. We understand that, Your Honor. That's not what you're talking about. Certain harm is implicit in the jury finding of manslaughter and aggravated assault in these cases, and there's no particular finding that any type of harm beyond that which was presumed by a finding of death in the case of manslaughter or physical injury or extreme physical injury in case of the assault cases was anything beyond that which was inherent in the jury's sentence, and therefore the jury itself could have reached a different conclusion than did the judge with regard to harm in those particular circumstances. I get it. Okay. Thank you. I thank both sides for your arguments. Romero v. Ryan now submitted for decision. The next case on the argument is United States v. Weygandt.
judges: Fuentes, W. Fletcher, Rawlinson